IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALWAYS DREAMING, LLC,**

    **Plaintiff,**

  v.                                                **CIVIL NO. 1:24-CV-38 (KLEEH)**

**MACH 1 ENERGY CONSTRUCTION. INC.,**
**SPECIALTY PRESSURING SERVICES, LLC,**
**JOHN BOYD, CHRISTEN BOYD,**

    **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 25] AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 10]**

On June 21, 2024, the Plaintiff, Always Dreaming, LLC, filed this lawsuit against Mach 1 Energy Construction. Inc., Specialty Pressuring Services, LLC, John Boyd, and Christen Boyd. Plaintiff proceeded to file a motion for entry of default[1] and for default judgment as to all Defendants [ECF No. 10]. The Clerk entered default [ECF No. 34]. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the motion for default judgment to United States Magistrate Judge Michael J. Aloi. ECF No. 11. After conducting an evidentiary hearing on October 15, 2024, the magistrate judge entered a Report and Recommendation ("R&R") recommending that the Court grant Plaintiff's motion for default judgment [ECF No. 25].

---

[1] At the time of the magistrate judge's hearing and R&R, the clerk had not yet entered default pursuant to Fed. R. Civ. P. 55(a). The Clerk entered default on January 24, 2025 [ECF No. 34].

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25] AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 10]**

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." It further warned them that the "[f]ailure to timely file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Defendants Mach 1 Energy Construction, Inc. and Specialty Pressuring Services, LLC, accepted service of the R&R on October 29, 2024. ECF Nos. 28, 29. Individual pro se Defendants John Boyd and Christen Boyd's copies of the R&R were returned as undeliverable. ECF Nos. 32, 33. The R&Rs were sent to the address where the individual Defendants previously accepted service [ECF Nos. 21, 22] and the Court was not provided with updated contact information for John Boyd or Christen Boyd.[2] Furthermore, the individual Defendants acknowledged to the magistrate judge that they are principals of Mach 1 and

---

[2] "Parties appearing pro se shall, at their first appearance, provide written notice of their phone numbers, complete names, and addresses where all papers may be served upon them, and shall have a continuing duty to update this information in writing." LR Gen P 83.03. See Teksystems, Inc. v. Khan, 273 F. App'x 248, 250-51 (4th Cir. 2008) (finding pro se defendant was not denied due process rights when he did not receive sufficient notice of a hearing because he failed to notify the court that his previous address — to which a previous opinion was mailed — was no longer valid and the method the district court used to notify the defendant of its orders and upcoming hearings was reasonably calculated to reach him).

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25] AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 10]**

Specialty Pressuring. ECF No. 25. Thus, the individual Defendants had effective notice of their opportunity to object to the R&R, and the Court took reasonable steps to notify John Boyd and Christen Boyd. To date, no objections have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS IN PART** the R&R [ECF No. 25][3] and pursuant to Federal Rule of Civil Procedure

---

[3] The Court's adoption in part of the R&R is only to note that the entry of default under Fed. R. Civ. P. 55(a) was required before the Court could rule upon the motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). The Court adopts in full the reasoning behind granting default judgment and finds no clear error in the magistrate judge's R&R.

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25] AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 10]**

55(b)(1), **GRANTS** Plaintiff's motion for default judgment [ECF No. 10].

The Court further **ORDERS** Judgment in favor of the Plaintiff against the Defendants Mach 1 Energy Construction, Inc., Specialty Pressuring Services LLC, John Boyd, and Christen Boyd, in the principal amount of $400,000.00, plus $41,753.43 in pre-judgment interest, for a total of **$441,753.43**, plus post-judgment interest pursuant to 28 U.S.C. § 1961. The Court further **ORDERS** Defendants' payment of Plaintiff's attorney's fees and costs associated with prosecuting this action in the amount of **$16,683.12.** The Court **ORDERS** that, pursuant to the applicable contracts at issue in this matter, Plaintiff is entitled to reasonable attorney's fees and costs associated with any collection actions Plaintiff may conduct herein, and that Plaintiff may request further order of the Court for payment of the same. The Court **ORDERS** that this matter remain open for a period of **120 days**, such that Plaintiff may conduct discovery, if necessary, in aid of execution of the Judgment, and to seek any further relief necessary to that end.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record via email and to the Defendants, via certified mail, return receipt requested, at the last known addresses.

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25] AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 10]**

**DATED:** January 27, 2025

*/s/ Tom S. Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

Case 1:24-cv-00038-TSK-MJA   Document 35   Filed 01/27/25   Page 5 of 5   PageID #: 168
ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25] AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 10]